UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| JOSHUA THOMAS FRIAR, | Case No. 2:19-cv-01689-AA |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| KEN JESKE, OCE Administrator; TROY BOWSER, Superintendent TRCI; S. HAYWOOD, OCE Deputy Administrator; LORI HENSEL, OCE General Manager; ANDY RAMCHARAN, OCE Assistant General Manager; JEREMY M. NOFZIGER, Disciplinary Hearings Officer; RODNEY MOORE, OCE Coordinator, | |
| Defendants. | |

AIKEN, District Judge.

Plaintiff filed this action pursuant to 42 U.S.C. § 1983 and alleged retaliation and the deprivation of procedural due process in violation of his rights under the First and Fourteenth Amendments. Defendants now move for summary judgment on grounds that the undisputed evidence of record shows no genuine issue of material fact and plaintiff cannot establish a

1 -   OPINION AND ORDER

violation of his constitution rights as a matter of law. Plaintiff opposes the motion and moves to amend his Complaint. Defendants' motion is granted and plaintiff's motion is denied.

BACKGROUND

Plaintiff is an inmate in the custody of the Oregon Department of Corrections (ODOC) and housed at the Two Rivers Correctional Institution (TRCI).

In 2015, plaintiff was assigned to a position with the Oregon Corrections Enterprises (OCE) in the TRCI Laundry. Plaintiff signed an OCE Inmate Access to Automation statement indicating that he read and understood OCE's rules governing inmate access to OCE computers. Nofziger Decl. Ex. 2 at 14. Plaintiff acknowledged that he could be disciplined and dismissed from his position if he violated computer access rules, and that his computer use would be monitored and recorded. *Id.* OCE's Inmate Computer Access Rules specifically provided: "The computer may NOT be used to prepare ANY personal document, unless specifically assigned by the inmate supervisor." *Id.* Ex. 2 at 15.

On May 25, 2018, plaintiff received a misconduct report charging him with rules violations arising from his unauthorized use of an OCE computer to create personal documents unrelated to his work. *Id.* Ex. 2 at 6-7. OCE General Manager Hensel issued the misconduct report after she received information about plaintiff's alleged misuse of OCE staff computers and conducted an investigation which led to the discovery of plaintiff's documents. *Id.*

During his disciplinary hearing on June 1, 2018, plaintiff admitted that he created and saved "personal notes" on his computer. Nofziger Decl. Ex. 3 at 6, 9-10. Plaintiff nonetheless argued that he violated the rules in accordance with an "informal policy" approved by his supervisors that allowed him access to OCE computers for other, unauthorized uses. *Id.* Ex. 2 at 1-2, 5; *id.* Ex. 3 at 6, 12. Plaintiff requested witnesses "to prove he was not the only inmate

engaged in behavior outside of that allowed by the OCE Inmate Computer Access Rule," and the Hearings Officer denied his request. *Id.* Ex. 2 at 2, 21-24; *see also id.* Ex. 3 at 7-8, 12.

The Hearings Officer found plaintiff had committed the rule violations of Unauthorized Use of Information Systems II and Disobedience of an Order III and sanctioned plaintiff with seven days of lost privileges. Nofziger Decl. ¶¶ 18-19 & Ex. 2 at 1-4. Plaintiff also contends that he lost his OCE position and incentive housing as a result of the violations. Plaintiff sought administrative review of the Hearings Officer's decision, and then-Superintendent Bowser upheld the decision. *Id.* ¶ 20 & Ex. 4.

Plaintiff alleges that on June 3, 2018, he was transferred from his incentive housing unit and housed with a problematic cellmate who allegedly extorted him and subjected him to sexual harassment. Plaintiff was housed with this cellmate until June 27, 2018. Chapman Decl. ¶ 12.

## DISCUSSION

In his Complaint, plaintiff alleges that the misconduct report was lodged against him in retaliation for his and others' advocacy on behalf of inmate workers, and that he was housed with a hostile cellmate in retaliation for filing grievances about the circumstances underlying his misconduct report. Plaintiff also alleges that the Hearings Officer's denial of witnesses deprived him of procedural due process. Defendants move for summary judgment on all claims, and in response, plaintiff opposes the motion and moves to amend his Complaint.

To prevail on their motion, defendants must show there is no genuine dispute as to any material fact and they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The court must construe the evidence and draw all reasonable inferences in the light most favorable to plaintiff. *Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011).

3 -   OPINION AND ORDER

A. First Amendment Retaliation

To sustain a claim of First Amendment retaliation, plaintiff must establish "five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

Plaintiff cannot establish a claim of retaliation arising from the misconduct report. First, plaintiff presents no evidence that Hensel issued the misconduct report because of plaintiff's constitutionally protected conduct. Rather, plaintiff alleges that Hensel issued the report because OCE staff members were that unhappy plaintiff's coordinator was "advocating for inmate rights," and plaintiff does not allege that Hensel targeted him for discipline because of his own protected conduct. Compl. ¶¶ 28, 62. Further, plaintiff presents no evidence that Hensel knew or disapproved of plaintiff's alleged advocacy in support of inmate workers.

Second, plaintiff presents no evidence suggesting that the misconduct report failed to advance a reasonable correctional goal. According to the evidence of record, Hensel issued the misconduct report after receiving information that plaintiff was creating and saving personal documents to OCE's inmate network drive. Nofziger Decl. Ex. 2 at 6. During the disciplinary hearing, plaintiff admitted that his actions violated prison rules and the electronic access agreement. *Id.* Ex. 3 at 9-12. Plaintiff's allegation that OCE staff members permitted other rules violations does not dilute ODOC's correctional goal of prohibiting unauthorized access to computer systems. Thus, plaintiff cannot show that the misconduct report failed to advance a legitimate penological interest.

Similarly, plaintiff fails to raise an inference of retaliation arising from his housing assignment. As defendants note, plaintiff received his new cell assignment on June 3, 2018, ten days before he filed grievances complaining about the misconduct charges against him. Compl. ¶ 51. Plaintiff identifies no other grievance that precipitated his cell transfer, and he cannot show that he was housed with a hostile cellmate because of any protected conduct.[1] Moreover, plaintiff presents no evidence that any of the defendants named in this action played a role in his cell assignment. Chapman Decl. ¶¶ 9, 13.

Accordingly, defendants' motion is granted on plaintiff's retaliation claims.

B.  Procedural Due Process

The Hearings Officer denied plaintiff's request for witnesses on grounds that the proposed testimony would not constitute a defense to the charged violations. Nofziger Decl. Ex. 3 at 12. This denial did not violate plaintiff's rights to procedural due process.

A prisoner is entitled to procedural due-process protections only when a prison-disciplinary action "implicates a protected liberty interest in some 'unexpected matter' or imposes an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Serrano v. Francis*, 345 F.3d 1071, 1078 (9th Cir. 2003) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). Plaintiff was sanctioned with a loss of privileges for seven days, which does not constitute an atypical or significant hardship. *See Quoc Xuong Luu v. Babcock*, 404 Fed. App'x 141, 142 (9th Cir. Nov. 19, 2010) (upholding the dismissal of a due process claim because the plaintiff's "temporary loss of prison privileges" did not allege a protected liberty interest). Likewise, the loss of an OCE position does not implicate a protected liberty interest. *Walker v. Gomez*, 370 F.3d 969, 973 (9th Cir. 2004) (noting that the "Due

---

[1] Defendants also emphasize that plaintiff filed no grievances or complaints about his cellmate's behavior. Chapman Decl. ¶¶ 14-16.

Process Clause of the Fourteenth Amendment 'does not create a property or liberty interest in prison employment'") (citation omitted).

Accordingly, plaintiff cannot establish a deprivation of procedural due process, and summary judgment is granted on this claim.

C. Motion for Leave to Amend

After briefing was complete on defendants' motion for summary judgment, plaintiff moved for leave to amend his Complaint. Plaintiff seeks to add a claim alleging that in December 2017, OCE Coordinator Moore threatened plaintiff with punishment in retaliation for plaintiff's complaints and grievances. Defendants oppose the motion on grounds of untimeliness, prejudice, and futility.

I agree that the timing of plaintiff's proposed amendment is questionable and would cause prejudice to defendants at this stage of the litigation. Moreover, the proposed amendment is futile. *See Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004) ("Futility alone can justify the denial of a motion for leave to amend.").

Plaintiff's proposed claim alleges:

On December 16th, 2017, during Plaintiff's work day in OCE, Plaintiff attempted to persuade another inmate to refrain from violence against staff by encouraging him to utilize the grievance system of the Department of Corrections as an administrative remedy.

Plaintiff was taken into the hallway by Defendant Moore and Sgt. Wortman, where Sgt. Wortman informed the Plaintiff that if he ever attempted to encourage other inmates to file grievances again he would place the Plaintiff in solitary confinement disciplinary segregation for "inciting."

Defendant Moore informed the Plaintiff that he "just could not have that type of behavior in his laundry."

6 -    OPINION AND ORDER

Proposed Am. Compl. ¶¶ 60-62 (ECF No. 71-1). Plaintiff further alleges that "Moore's direct threat chilled the Plaintiff's ability to safely pursue administrative remedies without fear of losing his job, his clear conduct, or his housing." *Id.* ¶ 74.

A two-year statute of limitations applies to § 1983 claims, and plaintiff knew of any injury arising from Moore's alleged conduct on December 16, 2017, the day of the alleged incident. *See Sain v. City of Bend*, 309 F.3d 1134, 1139 (9th Cir. 2002). Plaintiff did not move to add this claim until October 2020, more than two years later. Thus, the claim is untimely unless it relates back to plaintiff's original Complaint. It does not.

In order to relate back to an original complaint, a proposed amendment must arise "out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). Plaintiff's original claims arise from a misconduct report issued in May 2018 and a disciplinary hearing conducted in June 2018. Compl. ¶¶ 18-22, 53. In contrast, plaintiff's proposed amendment arises out of Moore's alleged conduct in December of 2017.

Plaintiff's proposed claim does not arise out of the conduct, transaction, or occurrence alleged in his original Complaint, and it is barred by the statute of limitations. *See Hebner v. McGrath*, 543 F.3d 1133, 1139 (9th Cir. 2008) (finding that a petitioner's proposed claim "did not relate back to his original petition because it arose from a different core of operative facts, so it was untimely under the statute of limitations").

## CONCLUSION

Defendants' Motion for Summary Judgment (ECF No. 55) is GRANTED, and plaintiff's Motion for Leave to Amend (ECF No. 71) is DENIED. This action is DISMISSED. Any appeal

7 -     OPINION AND ORDER

from this Order and the Judgment dismissing this action would not be taken in good faith, and plaintiff's IFP status is REVOKED.

IT IS SO ORDERED.

DATED this <u>11th</u> day of March, 2021.

<u>     /s/Ann Aiken     </u><br>
Ann Aiken<br>
United States District Judge

8 -   OPINION AND ORDER